UNITED STATES of America, Plaintiff and Counter–Defendant,

v.

State of MICHIGAN, Defendant and Cross–Plaintiff And Cross–Defendant,

v.

City Of Detroit, a municipal corporation, and Detroit Water and Sewerage Department, Defendant and Cross–Plaintiff,

v.

All Communities and Agencies Under Contract With the City of Detroit for Sewage Treatment Services, et al.

No. CIV.77–71100.

United States District Court, E.D. Michigan, Southern Division.

March 22, 2006.

Jon M. Lipshultz, U.S. Department of Justice, Environment & Natural Resources Div., Washington, DC, Peter A. Caplan, United States Attorney's Office, Detroit, Beth S. Gotthelf, Butzel Long, Bloomfield Hills, MI, for Plaintiff.

Marilyn A. Peters, Dykema Gossett, Bloomfield Hills, MI, Mark D. Jacobs, Dykema Gossett, Robert C. Walter, Detroit City Corporation Counsel, Avery K. Williams, Detroit, MI, Pamela J. Stevenson, Michigan Dept of Attorney General, Lansing, MI, James A. Smith, R. Craig Hupp, Bodman, Longley, Detroit, MI, William W. Misterovich, Mt. Clemens, MI, James E. Tamm, O'Connor, DeGrazia, Robert A. Marzano, Plunkett & Cooney, Bloomfield Hills, MI, Timothy L. Cronin, Hemming, Polaczyk, Plymouth, MI, Beth S. Gotthelf, David W. Potts, Miles T. Macik, G. Christopher Bernard, Kurt M. Brauer, Butzel Long, Bloomfield Hills, MI, Charles E. Barbieri, Foster, Swift, Lansing, MI, Charles E. Lowe, Lowe, Lewandowski, Plymouth, MI, David S. Steingold, David S. Steingold Assoc., John H. Fildew, Charles S. Kennedy, III, Fildew Hinks, Detroit, MI, Patrick B. McCauley, Sommers, Schwartz, Southfield, MI, Barry A. Seifman, Seifman & Associates, Farmington Hills, MI, Stuart Trager, Salamey Assoc., Dearborn, MI, Annette M. Lang, U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, for Defendant.

***ORDER APPROVING PROVISIONAL CONTRACT EXTENSION FOR INFRASTRUCTURE MANAGEMENT GROUP***

***OPINION AND ORDER DENYING IN PART OAKLAND COUNTY'S MOTION FOR RECONSIDERATION***

FEIKENS, District Judge.

Oakland County brings a motion for reconsideration of my Opinion and Order of January 5, 2006 that in part seeks a status conference to provide information about a committee of some private citizens that are engaged in discussions of potential solutions to the perennial debates regarding the formal relationship between the Detroit Water and Sewerage Department and its customers. This Opinion and Order decides those portions of the motion for reconsideration.

There are several points in my Opinion and Order of January 5, 2006 that bear repeating. First, DWSD's long-term compliance with federal law would be better assured if the water quality leaders of this region could develop a process for resolving concerns between DWSD and its customers outside of the litigation process. *U.S. v. State of Michigan*, 409 F.Supp.2d 883 (E.D.Mich.2006). DWSD's difficulties in maintaining compliance with federal and state law have been exacerbated by the perennial controversies over rate increases necessary to fund infrastructure requirements. *Id.* When the communities involved in the Wyandotte Wastewater Treatment Plant litigation created a forum that successfully handled disputes regarding water quality infrastructure and rates outside of the litigation process, that was a turning point in their compliance. *Id.* Likewise in this case, it is cooperation, not legislation or litigation, that can produce a long-term solution. *Id.*

In response to my request in the January 5.2006 Opinion and Order, I have let-

ters from Timothy O'Brien, the working chairman of the Consortium, and from SEMCOG, which has provided valuable staff support for the Consortium, stating their views on the progress the Consortium has made and the issues that need to be addressed. (Letter from O'Brien, Case No. 77–71100, docket no. 1890; Letter from Tait and Hersey, Case No. 77–71100, docket no. 1879.) Both cited many areas of progress, including earlier and broader disclosure in the rate-setting process. Both cited the need for further progress on a number of issues, importantly, how the region can meet the large fiscal demands of our infrastructure needs. *Id.* Finally, both suggest that the best forum for increased regional collaboration would be a mutually agreeable, institutionalized successor to the Consortium. *Id.*

My experience with the Wyandotte Wastewater Treatment Plant litigation convinces me that until the leaders of the region commit themselves to working together in some sort of institutionalized structure, consistent compliance with federal law will be in jeopardy. *See United States v. Wayne County*, 406 F.Supp.2d 760 (E.D.Mich.2005). That experience also convinces me of the rapid progress that can be made once that cooperation begins. *Id.* Governmental leaders throughout the DWSD service area have had and continue to have the opportunity to begin cooperative attempts to find a permanent institutional solution. To my disappointment, no elected official has chosen to take that leadership role thus far, even though several million people and this region's businesses depend on its service for their health, safety, and economic viability.

Luckily for the region, there are some private-sector leaders who have taken a step toward finding an institutional structure in which the tensions between DWSD and its customers can be resolved. The

group does not have its origin in litigation[1] or in legislation, but in cooperation. The motion for reconsideration seeks a Court-led conference "to learn more about this regional committee, including scope, authority, participants and participation." This is a group of private-sector volunteers, donating their time to finding mutually agreeable, nonpartisan solutions. Although I initially asked some of them to meet, they set their own membership and agenda. It is my hope that leaders of the private sector will be able to candidly discuss the various options for institutional structures and be creative in finding ways to achieve that goal. I expect that in time, the members of the group will reach out to leaders in the public sector, and if they request the help of this Court in a formal fashion, I will seriously consider such a request.

It is within my discretion to hold a status conference. In that decision, I must consider the right of assembly that the committee's members have,[2] and decide whether holding a court proceeding dedicated to examining their membership and work would be appropriate at this time. I do not believe that it is appropriate, and therefore DENY that request.

## CONCLUSION

For the reasons above, I DENY the portion of Oakland County's Motion for Reconsideration seeking a status conference to discuss the work of the regional committee, and note other portions of the motion remain outstanding. I urge all parties interested in progress to turn their

energies toward finding cooperative solutions.

**IT IS SO ORDERED.**

---

1. I can assure all parties that the purpose of the group is not to make any recommendations to this Court on or conduct settlement discussions as to specific controversies before me in litigation. It seeks a resolution to the broad regional dilemma that is not before this Court.

2. *See Bates v. City of Little Rock,* 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); *Shelton v. Tucker,* 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960).